# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-70-BLG-SPW-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| MICHAEL JAMES CARROLL, | |
| Defendant. | |

## I.  Synopsis

Defendant Michael James Carroll (Carroll) has been accused of violating the conditions of his supervised release.  Carroll admitted all of the alleged violations, except two.  Carroll's supervised release should be revoked.  Carroll should be placed in custody for 6 months, with 30 months of supervised release to follow. Carroll should serve the first 60 days of supervised release at Connections Corrections in Butte, Montana, followed by 180 days at the Pre-Release Center in Great Falls, Montana.  The United States Probation Office should be given the authority to shorten Carroll's term at the Great Falls Pre-Release Center, if appropriate.

## II.  Status

Carroll pleaded guilty to being a Felon in Possession of a Firearm on February 25, 2015. (Doc. 22). The Court sentenced Carroll to 48 months of custody, followed by 3 years of supervised release. (Doc. 30). Carroll's current term of supervised release began on December 31, 2018. (Doc. 34 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on March 13, 2019, requesting that the Court revoke Carroll's supervised release. (Doc. 36). The Amended Petition alleged that Carroll had violated the conditions of his supervised release: 1) by using methamphetamine on seven separate occasions; and 2) by failing to report for substance abuse testing. (Doc. 36 at 2-3). United States District Judge Susan P. Watters issued a warrant for Carroll's arrest.

**Initial Appearance**

Carroll appeared before the undersigned for his initial appearance on March 28, 2019. Carroll was represented by counsel. Carroll stated that he had read the Amended Petition and that he understood the allegations. Carroll waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

The Court conducted a revocation hearing on April 2, 2019. Carroll admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on five separate occasions; and 2) by failing to report for substance abuse testing. Carrol denied alleged violations 2 and 3. The government did not attempt to prove alleged violations 2 and 3. The admitted violations are serious and warrant revocation of Carroll's supervised release.

Carroll's violations are Grade C violations. Carroll's criminal history category is VI. Carroll's underlying offense is a Class C felony. Carroll could be incarcerated for up to 36 months. Carroll could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.  Analysis

Carroll's supervised release should be revoked. Carroll should be incarcerated for 6 months, with 30 months of supervised release to follow. Carroll should serve the first 60 days of supervised release at Connections Corrections in Butte, Montana, followed by 180 days at the Pre-Release Center in Great Falls, Montana. The United States Probation Office should be given the authority to shorten Carroll's term at the Great Falls Pre-Release Center, if appropriate. The supervised release conditions imposed previously should be continued. This

sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Carroll that the above sentence would be recommended to Judge Watters.  The Court also informed Carroll of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Carroll that Judge Watters would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  The Court also explained to Carroll that he had the right to allocute before Judge Watters.  Carroll stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Watters.

The Court **FINDS:**

> That Michael James Carroll has violated the conditions of his supervised release by using methamphetamine, and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

> That the District Court revoke Carroll's supervised release and commit Carroll to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, with 30 months of supervised release to follow. Carroll should serve the first 60 days of supervised release at Connections Corrections in Butte, Montana, followed by 180 days at the Pre-Release Center in Great Falls, Montana.  The United States Probation Office should be given the authority to shorten Carroll's term at the Great Falls Pre-Release Center, if appropriate.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of April, 2019.

John Johnston
United States Magistrate Judge